IN THE CHANCERY COURT FOR ANDERSON COUNTY, TENNESSEE



SCOTT SHUMAKER and
ANGIE SHUMAKER,

    Plaintiff,

vs.

    No. _10CH 1651_

ALLSTATE INSURANCE COMPANY,
    Defendant.

## SUMMONS

You are hereby summoned and required to serve upon Kevin C. Angel, Defendant's attorney, whose address is 166 Fairbanks Rd. Oak Ridge, Tennessee 37830, an Answer to the Petition herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of day of service. If you fail to do so, Judgment by Default can be taken against you for the relief demanded in the Complaint.

Issued and tested this _17th_ day of _March_, 2010.

_Steve R. Queener_
Clerk

_Sandy Sherwood_
Deputy Clerk

ADA
FOR ASSISTANCE CALL
865-463-6824

2010 MAR 17 P 2: 11
STEVE R. QUEENER
CLERK AND MASTER

FILED

## NOTICE

To the Defendant(s):

Tennessee law provides a four Thousand ($4,000.00) Dollar personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action, and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time, and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do no need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right, or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

TO THE PROCESS SERVER:
    (Sheriff): Serve the Respondent, Allstate Insurance Company, 1587 Northeast Expressway, Atlanta, DeKalb County, Georgia 30329.

## RETURN

I received this summons on the _____ day of _____, 2010.

I hereby certify and return that on the _____ day of _____, 2010, I:

( )    Served this Summons and a Complaint on Defendant, Allstate Insurance Company, in the following manner:

_____

_____

( )    Failed to serve this summons within ninety days after its issuance because:

_____

_____

_____
Process Server

This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.

CHANCERY
OFFICIAL
SEAL
ANDERSON

STATE OF TENNESSEE, ANDERSON COUNTY
I hereby certify this document to be a true and exact copy of the original,
this _17_ day of _March_, 20_1_.
STEVE R. QUEENER, CLERK & MASTER
_Sandy Sherwood_
By: Deputy Clerk

IN THE CHANCERY COURT FOR ANDERSON COUNTY, TENNESSEE

SCOTT SHUMAKER and
ANGIE SHUMAKER,
521 New Clear Branch Road
Lake City, Anderson County,
Tennessee 37769

       Plaintiffs,

versus

No. _10CH1651_

ALLSTATE INSURANCE COMPANY,
555 Marriott Drive, Suite 850,
Nashville, Rutherford County, TN, 37214,
and 1587 Northeast Expressway
Atlanta, DeKalb County, Georgia 30329,
a valid corporation doing business
in Anderson County, Tennessee,
LITTON LOAN SERVICING,
4828 Loop Central Drive,
Houston, Harris County, Texas 77081,
a valid corporation doing business
in Anderson County, Tennessee,
NATIONWIDE TRUSTEE SERVICES,
1900 Church Street, Suite 400
Nashville, Davidson County, TN 37203,
a valid corporation doing business
in Anderson County, Tennessee,
MORTGAGE SOLUTIONS, Inc.
8880 Cedar Springs Lane, Suite 105
Knoxville, Knox County, TN 39723
a valid corporation doing business
in Anderson County, Tennessee,
HSBC BANK USA,
2222 E. Camelback Road
Phoenix, Maricopa County, AZ 85016
a valid corporation doing business
in Anderson County, Tennessee,
FREMONT HOME LOAN TRUST 2006-E
101 North Wacker Drive, Suite 100
Chicago, Cook County, IL 60606
a valid corporation doing business
in Anderson County, Tennessee,
Promise Solutions, on behalf of Nationwide
Trustee Solutions,

a valid corporation doing business
in Anderson County, Tennessee,

Defendants.

## COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF, CONTRACT ENFORCMENT, VIOLATION OF CONSUMER PROTECTION ACT, AND EQUITABLE RELIEF

COMES now the Plaintiffs, Scott and Angie Shumaker, by and through counsel, and would show the Court as follows:

1. That the Plaintiffs, Scott and Angie Shumaker, are citizens and residents of Lake City, Anderson County, Tennessee.

2. That the Defendants, Allstate Insurance Company, Litton Loan Servicing, Nationwide Trustee Services, Mortgage Solutions, Inc., HSBC Bank USA, Fremond home Loan Trust 2006-E, and Promise Solutions, are all valid corporations doing substantial business in Anderson County, Tennessee.

3. That the contract that is in dispute was entered into in Clinton, Anderson County, Tennessee and the fire that resulted in the damage to the residence of the Plaintiff's occurred in Anderson County, Tennessee.

4. That venue is proper in Anderson County, Tennessee as the dispute arose in Anderson County, Tennessee and all Defendants do substantial business in Anderson County, Tennessee and have strong ties to Anderson County, Tennessee.

5. That the Plaintiffs, Scott and Angie Shumaker, purchased their home located at 521 New Clear Branch Road, Lake City, Anderson County, Tennessee (hereinafter "home") on or about August 4, 2006. A copy of the warranty deed is attached hereto as Exhibit A.

6. That on the 11th day of June 2009, the Plaintiff's home caught on fire and burned resulting in a total loss of the home.

7.    That at the time of the fire, the Plaintiff's home had insurance coverage through Allstate Insurance Company including fire damage coverage.

8.    That Allstate Insurance Company investigated the cause of the fire and determined that they were going to fulfill any obligation owed to Litton Loan, as mortgagee, under the terms of the Plaintiff's insurance policy. A copy of the letter is attached hereto as Exhibit B.

9.    That on October 1, 2009, the Plaintiffs mailed a letter to counsel for Allstate Insurance Company demanding payment for the loss of their home. A copy of the correspondence is attached hereto as Exhibit C.

10.    That counsel of record for Allstate Insurance Company mailed a letter explaining the payment and request for documents by Litton Loan to the Plaintiffs and the Defendant, Litton Loan Servicing, on November 24, 2009.

11.    That on or about February 3, 2010, the Plaintiff's received a Notice Pursuant to Fair Debt Collection Practices Act 15 U.S.C. 1962 from Nationwide Trustee Services, Inc. advising them that foreclosure actions were being instituted against them on their home. A copy of the Notice is attached hereto as Exhibit D.

12.    That on or about February 5, 2010, Allstate Insurance Company mailed out a second request for documents from Litton Loan and once again provided that they were prepared to fulfill any obligation owed to Litton Loan. A copy of the second correspondence is attached hereto as Exhibit E.

13.    That on February 11, 2010, the Petitioners sent a letter to Nationwide Trustee Services, Inc. and Litton Loan Servicing advising them of Litton Loan's failure to provide proof of loss to Allstate Insurance Company and request for the Litton Loan to secure payment from Allstate Insurance Company. A copy of the correspondence is attached hereto as Exhibit F.

14.    That the beneficial interest of the Deed of Trust on the property located at 521 New Clear Branch Road, Lake City, Tennessee was last transferred and assigned to HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement dated as of December 1, 2006.

15.    That HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement dated December 1, 2006, Fremont Home Loan Trust 2006-E, the current owner and holder of the Deed of Trust on the property appointed Nationwide Trustee Services, Inc. to serve as substitute trustee for the sale of the marital residence.

16.    That while reading the Clinton Courier Newspaper, the Plaintiffs were put on notice that their property was set to be auctioned at a Substitute Trustee's Sale scheduled for the 18th of March, 2009 at noon.

17.    That the sale is taking place at the request of the Defendant, Litton Loan, due to the Defendant's claim that the Plaintiffs are in default of the mortgage on the home due to nonpayment.

18.    That the Substitute Trustee's Sale would not occur and the Defendant, Litton Loan, would have been made whole if they would have responded to the Defendant, Allstate Insurance Company and the Plaintiffs request for documents.

19.    That if the Substitute Trustee's Sale occurs on the 18th day of March, 2010, then the Plaintiffs will suffer an irreplaceable loss of their property through no fault of their own.

## I. TEMPORARY INJUCTION ORDER PREVENTING THE DEFENDANT, NATIONWIDE TRUSTEE SERVICES, INC. AND LITTON LOAN FROM AUCTIONING THE HOME ON MARCH 18, 2010.

20.    Paragraphs 1-19 are incorporated herein as if set out verbatim.

21. That the current loan holder on the Plaintiffs' home is Litton Loan.

22. That the Defendant, Litton Loan retained the services of the Defendant, Nationwide Trustee Services, Inc. to auction the property on the 18th day of March, 2010 at noon.

23. That the Defendant, Litton Loan, provided that the basis for the sale of the home was due to the Plaintiffs' defaulting on the loan on the home.

24. That the Defendant, Litton Loan, received numerous correspondence from the Defendant, Allstate Insurance, and the Plaintiffs' advising them that the loan will be satisfied in full provided that Litton Loan supplied the requested documents.

25. That absent intervention, the sale of the Plaintiffs' home and property would cause the Plaintiffs' immediate and irreparable injury and substantial loss and damages.

26. That the Plaintiffs' assert that the Defendant, Litton Loan, will not suffer any injury or damages in terminating the sale of the property as they refused to comply with Allstate Insurance Companies requests for documents for months and payment of the outstanding mortgage was approved by Allstate Insurance Company.

27. That the Plaintiffs' assert that the Defendant, Litton Loan, would be able to be made whole and the mortgage paid in full if they would have complied with the multiple requests for information.

28. That the Defendant, Litton Loan, allowed the mortgage to go into default by failing to comply with Allstate Insurance.

29. That if the Defendant sells the Plaintiffs' property, the Plaintiffs will be unable to be made whole at a final hearing in this matter.

30. That upon Motion of the Defendant for a reasonable bond to be posted, the Plaintiffs would be agreeable to the Court setting a reasonable bond.

## II. VIOLATION OF T.C.A. § 56-8-101 et. al. ACT AS IT RELATES TO ALLSTATE

## INSURANCE COMPANY

31.  Paragraphs 1-30 are incorporated herein as if set out verbatim.

32.  That the Plaintiffs had insurance coverage on their home and included in said coverage was fire damage coverage with Allstate Insurance Company.

33.  That after the Plaintiffs' home was completely destroyed due to fire damage and Allstate Insurance Company refused to pay the claim for the outstanding indebtedness on the property and personal property lost in the home directly to the Plaintiffs.

34.  That after routinely being denied coverage and increasing demands, the Plaintiffs were forced to retain an attorney to attempt to get the matter settled and obtain the coverage that they were due.

35.  That the Plaintiffs, through their counsel, sent a demand letter on October 1, 2009, demanding that Allstate Insurance Company immediately pay the loss from the fire on their home. A copy of said letter is attached hereto as Exhibit C.

36.  That Allstate Insurance Company subsequently failed to pay the loss on the home but did offer to pay the outstanding mortgage to Litton Loans on the Plaintiffs' home.

37.  That Litton Loans failed to respond to Allstate Insurance Company and Allstate Insurance Company denied the claim and closed the case and investigation.

38.  That the Plaintiffs complied with every request made to them by Allstate Insurance Company during the investigation and determination of loss of the home including but not limited to providing documents and submitting to depositions.

39.  That Allstate Insurance Company did agree to pay the outstanding mortgage to Litton Loan Servicing but not in a timely manner thus having the Plaintiffs' incur the additional

stress of discovering that their home was in foreclosure and going to be auctioned off on March 18, 2010 at noon in Clinton, Tennessee.

40. That Allstate Insurance Company has violated T.C.A. § 56-8-103 due to their failure to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies, failing to attempt in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability was reasonably clear; by attempting to settle or settling claims for less than the amount that a reasonable person would believe the insured was entitled by reference to written or printed advertising material; and unreasonably delaying the investigation or payment of claim by requiring both a formal proof of loss form and subsequent verification that resulted in duplication of information and verification appearing in the formal proof of loss form.

## III. VIOLATION OF T.C.A. § 45-20-101 et. al. ACT AS IT RELATES TO LITTON LOANS

41. Paragraphs 1-40 are incorporated herein as if set out verbatim.

42. That the Defendant, Litton Loan, by and through the Defendant, Nationwide Trustee Services, Inc. mailed the Plaintiffs Notice Pursuant to Fair Debt Collection Practices Act 15 USC 1692 on or about February 3, 2010. A copy of the Notice is attached hereto as Exhibit D.

43. That the Plaintiffs' responded to the Notice on February 11, 2010 contesting the validity of the debt and advising Litton Loan of their failure to submit proof of loss to Allstate Insurance. A copy of the response is attached hereto as Exhibit F.

44. That the Defendant, Litton Loan, submitted the proof of loss to Allstate Insurance on or about March 12, 2010 after the foreclosure proceedings were instituted against the Plaintiffs' home.

45. That the Plaintiffs received a copy of the Notice of Substitute Trustee's Sale that was submitted for publication on or about February 12, 2010, a day before the proof of loss was submitted to Allstate Insurance Company.

46. That the debt owed on the home to the Defendant, Litton Loan, would have been satisfied in full but for the Defendant, Litton Loan's negligence.

47. That the Defendant, Litton Loan has failed to properly certify that grounds exist for acceleration of the loan terms and for immediate payment.

48. That the Defendant, Litton Loan has failed to maintain compliance of the Plaintiffs' loan and credit in direct violation of T.C.A. § 45-20-108 et. al.

## IV. VIOLATION OF T.C.A. § 56-7-804 et. al. AS IT RELATES TO ALL DEFENDANTS

49. Paragraphs 1-48 are incorporated herein as if set out verbatim.

50. That the Plaintiffs' possessed a fire insurance policy on the home.

51. That Allstate Insurance is refusing to pay for mortgage coverage on the home because of negligence on the part of Litton Loans.

52. That should the foreclosure action proceed and the home is sold, then the policy and interest of the Plaintiffs shall remain in effect.

## V. VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT AS IT RELATES TO ALLSTATE INSURANCE AND LITTON LOANS

53. Paragraphs 1-52 are incorporated herein as if set out verbatim.

54. That the Plaintiffs have suffered a loss of money and property, both real and personal, as a result of unfair and/or deceptive practices and acts on the part of Litton Loans and Allstate Insurance in direct violation of T.C.A. § 47-18-109 et. al.

55. That the actions of the Defendants were knowingly and/or willful, therefore, the Defendants shall be liable to the Plaintiffs for three (3) times the actual damages substantiated plus additional damages due to the Plaintiffs.

56. That the Defendant, Allstate Insurance Company, refused to pay the claim of the Plaintiffs directly to them.

57. That the nature of the deception practiced upon the Plaintiffs by the Defendants was severe.

## VI. BREACH OF CONTRACT AS IT RELATES TO ALL DEFENDANTS

58. Paragraphs 1-57 are incorporated herein as if set out verbatim.

59. That the Plaintiffs are attempting to recover benefits on the contract of insurance with Allstate Insurance Company arising under their fire insurance policy.

60. That the Plaintiffs have sought payment of the claim from Allstate and the other Defendants.

61. That the Defendants contend that they are not responsible for the loss sustained by the Plaintiffs.

62. That the Plaintiffs entered into a valid contract with the Defendants.

63. That the Defendants breached the contract with the Plaintiffs with no fault of the Plaintiffs.

## VII. NEGLEGENCE AS IT RELATES TO ALL DEFENDANTS

64. That paragraphs 1-63 are incorporated herein as if set out verbatim.

65. That the Defendants failed to use ordinary or reasonable care.

66. That the Defendants had a legal duty to the Plaintiffs to exercise due care.

67. That a denial of coverage was foreseeable to the Defendant, Litton Loan, for failure to provide documentation to Allstate Insurance.

68. That damages and injury to the Plaintiff for the Defendant, Allstate Insurance's failure to pay coverage was foreseeable.

## VIII. UNJUST ENRICHMENT

69. That paragraphs 1-68 are incorporated herein as if set out verbatim.

70. That the Defendants has received the benefit of the Petitioner's payments of the mortgage on the residence and insurance premiums.

71. That the Petitioners have not received any benefit from the payments of their monies.

72. That any additional payments made to the Defendants would result in unjust enrichment as the payments made to date exceed the value of the land.

73. The Petitioners conferred a benefit, the payment, to the Defendant while making the payments towards the home and insurance.

74. That should the Defendant be allowed to foreclose on the home and refuse payments on the insurance policy, they will be will be unjustly enriched for having the Plaintiff's maintain the home and make payments towards the insurance and mortgage.

75. That the Defendant is liable to the Plaintiffs for the reasonable value of the monies paid to date and insurance premiums.

## IX. EQUITABLE RELIEF

76. Paragraphs 1-75 are incorporated herein as if set out verbatim.

77.   That not enforcing the contract between the parties would be inequitable as the Plaintiffs paid a substantial sum of money to the Defendants and the Plaintiffs would request equitable relief.

78.   The likelihood of harm and damage from the Defendant towards the Plaintiffs is great and will not be minimized unless this Honorable Court issues the attached Temporary Injunction.

WHEREFORE Plaintiffs demand relief from the Defendants and for relief would ask of the Court as follows:

a.   That process is issued and be served upon the Defendants with their answer required and the oath to their answer waived;

b.   That the court issue an immediate temporary injunction prohibiting the Defendant, Nationwide Trustee Services from auctioning the home on March 18, 2010 at noon;

c.   That upon hearing that said temporary injunction be made a temporary injunction during the pendency of this action;

d.   That the Court find that the Plaintiffs have substantially complied with the contracts entered into with Allstate Insurance and Litton Loans and further performance would result in undue enrichment.

e.   That the Court enforces the contract entered into between the Plaintiffs and Defendants and grant the Plaintiff's equitable relief for the monies paid toward mortgage and insurance premiums.

f.   That the Court find that the Defendants engaged in unfair and/or deceptive practices and award the Plaintiffs attorneys fees, punitive damages, actual damages, costs, trouble damages, and for the claim to be back dated to when the payments should have been made.

g.     That if the property is auctioned on March 18, 2010, that the Court find that the sale was invalid and order the property returned to the Plaintiffs with costs taxed to the Defendants.

h.     That the Defendants be responsible for the costs of this action including but not limited to court costs and attorney fees.

i.     For all further, general, and special relief to which the Plaintiffs' may be entitled.

*THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.*

Respectfully submitted, this the |7 day of March, 2010.


_____
Scott Shumaker, Plaintiff


_____
Angie Shumaker, Plaintiff


BY: _____
MICHAEL W. RITTER, BPR No. 012229
KEVIN C. ANGEL, BPR No. 019950
LAUREN R. BILOSKI, BPR No. 025269

166 Fairbanks Road
Oak Ridge, Tennessee 37830
Telephone: (865) 483-3411


STATE OF TENNESSEE

COUNTY OF ANDERSON

Scott Shumaker, after first being duly sworn according to law, makes oath that he has read the foregoing Complaint, Request for Injunctive Relief, Contract Enforcement, Violation of Consumer Protection Act, and Equitable Relief, and that the facts set forth therein are true to the

best of his knowledge, information and belief, and that this Complaint is not made out of levity

or by collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

WITNESS my hand this the ___/ 7___ day of March, 2010.

_Scott Shumaker_
Scott Shumaker

Sworn to and subscribed before me this

the _17th_ day of March, 2010.

_Debby Crider_
NOTARY PUBLIC, Debby Crider

My Commission Expires: _9-22-2010_

STATE OF TENNESSEE

COUNTY OF ANDERSON

Angie Shumaker, after first being duly sworn according to law, makes oath that she has read the foregoing Complaint, Request for Injunctive Relief, Contract Enforcement, Violation of Consumer Protection Act, and Equitable Relief, and that the facts set forth therein are true to the best of her knowledge, information and belief, and that this Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

WITNESS my hand this the ___7___ day of March, 2010.

Angie Shumaker

Sworn to and subscribed before me this

the 17th day of March, 2010.

NOTARY PUBLIC, Debby Crider

My Commission Expires: 9-22-2010

06010749

Ex A

This instrument prepared by, record and return to:
Robbie L. McLean, Atty
5342 Western Avenue
Knoxville, TN 37921

Owner and Responsible Taxpayer:
Scott & Angie Shumaker
521 New Clear Branch Road
Lake City, TN 37769

## WARRANTY DEED

**THIS INDENTURE** made this ___4___ day of August 2006 between Annette Leinart, unremarried widow, hereinafter referred to as FIRST PARTIES, and Scott D. Shumaker and wife, Angie A. Shumaker, hereinafter referred to as SECOND PARTIES.

**WITNESSETH,** that FIRST PARTY for and in consideration of the sum of TEN ($10.00) DOLLARS to it in hand paid by SECOND PARTIES, the receipt and sufficiency of which is hereby acknowledged, has granted, bargained, sold and conveyed and does hereby grant, bargain, sell and convey to SECOND PARTIES the following described real property, to-wit:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN AS IF COPIED VERBATIM.**

with the hereditaments and appurtenances thereto appertaining. TO HAVE AND TO HOLD the said premises to SECOND PARTIES, their heirs and assigns forever. And the FIRST PARTY for itself and for its successors does hereby covenant with the said SECOND PARTIES, their heirs and assigns that it is lawfully seized in fee simple of the premises above conveyed and has full power, authority and right to convey the same, that said premises are free from all encumbrances except current taxes which shall be prorated between the parties at closing, and that it will forever warrant and defend the said premises and title thereto against the lawful claims of all persons whomsoever.

**IN WITNESS WHEREOF, FIRST PARTY** has caused this instrument to be executed the day and year first above written.

_Annette Leinart_
Annette Leinart

State of Tennessee
County of ___TN___

Personally appeared before me, the undersigned, a Notary Public in and for said state and county, Annette Leinart, who proved to be so upon presentation of satisfactory identification, and who further acknowledged that he/she/they executed the above-instrument for the purposes stated therein as his/her/own free act and deed.

Witness my hand and seal at office this ___4___ day of August 2006.
My Commission Expires: _1-6-09_    _Robbie Sm Clean_
                                    NOTARY PUBLIC

"I hereby swear or affirm that the actual consideration or true value of this conveyance, whichever is greater is $197000.00."
_Annette Leinart_
AFFIANT

Sworn to and subscribed before me this ___4___ day of August 2006.

My Commission Expires: _1-6-09_    _Robbie Sm Clean_
                                    NOTARY PUBLIC

**PREPARER MAKES NO REPRESENTATION AS TO ACCURACY OF DESCRIPTION AND STATUS OF TITLE, DOCUMENT HAVING BEEN PREPARED FROM INFORMATION PROVIDED BY GRANTOR.**

## EXHIBIT "A"

SITUATED in District 3 Anderson County, Tennessee and being known and designated as a 4.00 acres more or less tract shown as "TRACT 1" on that plat of record entitled" Survey for Annette Leinart done by Joe G. Arnold, TN RLS # 1088 dated 6-30-06 of record in Cabinet 7 Envelope 142-A in the Register's Office for Anderson County, Tennessee to which recorded plat and survey specific reference is hereby made and incorporated herein as if copied verbatim.
TOGETHER WITH ACCESS TO THAT CERTAIN EXISTING 25 FT. R.O.W. FOR EGRESS TO AND FROM NEW CLEAR BRANCH ROAD AS SHOWN BY THE ABOVE-MENTIONED PLAT AND SURVEY.
SUBJECT to governmental zoning and subdivision ordinances and regulations in effect thereon.
FOR PRIOR DEED REFERENCE SEE DEED BOOK V-10, PAGE 28 IN THE REGISTER'S OFFICE FOR ANDERSON COUNTY, TENNESSEE.
TAX ID # part of 030 041.00
Property Address: 521 New Clear Branch Street, Lake City, TN 37769

TRANSFERRED
AUG 2 1 2006
BY VERNON LONG
PROPERTY ASSESSOR

| | |
|---|---|
| 1 PGS : NO : WARRANTY DEED | |
| VERSA BATCH: 26760 | |
| 08/21/2006 - 10:03 AM | |
| VALUE | 197000.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 730.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 1.00 |
| TOTAL AMOUNT | 741.00 |
| STATE of TENNESSEE, ANDERSON COUNTY | |

TIM SHELTON
REGISTER OF DEEDS

Ex. B



# Hunter Smith &Davis LLP

A Registered Limited Liability Partnership
**Attorneys At Law**
*Established 1916*
www.hsdlaw.com

S. Morris Hadden
William C. Bovender
William C. Argabrite
Jimmie Carpenter Miller
Mark S. Dessauer
Gregory K. Haden
Michael L. Forrester
Stephen M. Darden
Edward J. Webb, Jr.
James N.L. Humphreys
Suzanne S. Cook
Michael S. Lattier
Scott T. Powers
Leslie Tentler Ridings
Laura A. Steel
Christopher D. Owens
Chad W. Whitfield

Teresa Mahan Lesnak
Matthew H. Wimberley
R. Lee McVey II
Meredith B. Humbert
Nathan M. Bays
Rachel E. Ralston

COUNSEL
Thomas R. Wilson
Michael A. Eastridge

Kingsport Office
1212 North Eastman Road
P.O. Box 3740
Kingsport, TN 37664-0740
Phone (423) 378-8800
Fax (423) 378-8801

Johnson City Office
100 Med Tech Pkwy, Ste 110
Johnson City, TN 37604
Phone (423) 283-6300
Fax (423) 283-6301

**PLEASE RESPOND TO:**
JOHNSON CITY OFFICE

**WRITER'S DIRECT DIAL NUMBER:**
(423) 283-6302
sscook@hsdlaw.com

November 24, 2009
**VIA CERTIFIED MAIL**

85220

Scott and Angie Shumaker -- EUO (Fire Loss)
Claim No.: 0140381526

Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081

RE:  Mortagees:      Scott and Angie Shumaker
     Loan No.:       40341216
     D/L:            6/11/09
     Property Address: 521 New Clear Branch Rd, Lake City TN 37769

Dear Sir/Madam:

This will advise you that a fire loss occurred on June 11, 2009, to the property captioned above. It is our understanding that Litton Loan is the first mortgagee on this property and accordingly, we hereby advise you that the claim filed by Mr. and Mrs. Shumaker has been denied. This denial to Mr. and Mrs. Shumaker does not affect the rights of a mortgagee and Allstate Insurance Company is now prepared to fulfill any obligation owed to Litton Loan, as mortgagee, under the terms of the policy. At this time we are requesting the following information and documents from your records:

1. A copy of the Promissory Note.
2. A copy of the Warranty Deed.
3. A copy of the Trust Deed.
4. A Payment History Ledger.
5. A payoff, *as of the date of loss*, with the rate of per diem.
6. Copies of any correspondence in your file regarding late payments or foreclosure.
7. A copy of any appraisal on the property in question.
8. A copy of any diary or notes regarding the payments, sale, or foreclosure of the property.
9. A copy of any prior insurance policy, record of any loss to, or insurance claim made on the property in question, or by the above referenced property owners.

The policy provides, in pertinent part:

**Section I Conditions**

...

18. **Mortgagee**

A covered loss will be payable to the Mortgagee(s) named on the Policy Declarations, to the extent of their interest and in the order of precedence. All provisions of **Section I** of this policy apply to these mortgagees.

...

The mortgagee will:

a) furnish proof of loss within 60 days after notice of the loss if an **insured person** fails to do so;

b) pay upon demand any premium due if an **insured person** fails to do so;

c) notify **us** in writing of any change of ownership or occupancy or any increase in hazard of which the mortgagee has knowledge;

d) give **us** the mortgagee's right of recovery against any party liable for loss; and

e) after a loss, and at **our** option, permit **us** to satisfy the mortgage requirements and receive full transfer of the mortgage.

This mortgage interest provision shall apply to any trustee or loss payee or other secured party.

Upon receipt and confirmation of the above requested information, Allstate will issue a check for the appropriate amount owed to Litton Loan, forward it to us as counsel for Allstate and we will prepare an assignment of the mortgage to Allstate Insurance Company. Please do not mark any note or document as "paid" as we will require all original paperwork be turned over to us when Litton Loan's interest has been satisfied.

Should you have any questions please feel free to contact me at your convenience.

Thank you very much for your prompt attention to this matter.

Respectfully,

**HUNTER, SMITH & DAVIS, LLP**

Suzanne S. Cook

Suzanne S. Cook

SSC/hjn

Enclosure:     Sworn Statement in Proof of Loss

cc:     David Gray, Allstate

     Richard Read, Allstate

     Scott and Angie Shumaker
     c/o Kevin C. Angel, Esq.
     ANGEL & ASSOCIATES
     166 Fairbanks, Road
     Oak Ridge, TN  37830

Ex. C

**ANGEL AND ASSOCIATES**
Attorneys at Law
166 Fairbank Rd.
Oak Ridge, Tennessee 37830

Kevin C. Angel
Lauren R. Biloski

Phone 865-483-3411
Fax   865-483-3408

October 1, 2009

Ms. Suzanne S. Cook
Hunter, Smith & Davis, LLP
100 Med Tech Parkway, Ste. 110
Johnson City, TN 37604

RE:   Claim of Angie and Shumaker
      Date of loss June 11, 2009

Dear Ms. Cook:

I am writing on behalf of the Shumaker's to formally request that their loss from the fire at their home be paid immediately. If it is not paid, then we shall file suit pursuant to Tennessee Code Annotated 56-8-104.
I look forward to hearing from you soon.

Sincerely,

Kevin C. Angel

KCA/dkc

Cc:   Angie Shumaker

$Ex\ D$

# NATIONWIDE TRUSTEE SERVICES, INC.

SUBSTITUTE TRUSTEE
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

February 3, 2010

Scott Shumaker and Angie Shumaker
PO Box 193
Lake City, TN 37769

1003707TN 03/10 PXP

RE:
| File No. | 416.1003707TN/PXP |
|---|---|
| Leader's Loan No.: | 40341216 |
| Name Per Client: | Scott Shumaker and Angie Shumaker |
| Unpaid Principal Balance: | $ 175,339.64 |
| Property Address: | 521 New Clear Branch Road |
| | Lake City, TN 37769 |

Dear Sir and/or Madam:

### NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692.

This letter is to advise you that Nationwide Trustee Services, Inc. and/or other individual Trustees have been retained to institute foreclosure proceedings against the above referenced property by Litton Loan Servicing, the creditor on the above referenced loan. *The total amount of the debt owed to the creditor consists of the above-referenced unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges. You must contact Victor Reid (ext. 1594) at our offices to find out the total current amount needed to either bring your loan current or to pay off your loan in full. We can also provide you with information as to alternatives to avoid foreclosure.*

Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this office within thirty (30) days from receipt of this notice, then the name and address of the original creditor will be mailed to you by this office. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client. If you have received a discharge in a Chapter 7 bankruptcy, please be advised that these notices are required for foreclosures in this state.

If you are currently or have within the last nine (9) months been in the military service AND joined after signing the Security Deed now in foreclosure, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. For further information about this matter you may contact this office at the number above.

BE GOVERNED ACCORDINGLY.

Sincerely,
NATIONWIDE TRUSTEE SERVICES, INC.
Patience Person
Legal Assistant

Allstate Insurance Company
555 Marriott Dr.
Suite 850
Nashville, TN. 37214

**VIA CERTIFIED AND REGULAR MAIL**

**February 5, 2010**

RE:   Mortagees:   Scott and Angie Shumaker
      Loan No.:     40341216
      D/L:          6/11/09
      Property Address: 521 New Clear Branch Rd, Lake City TN 37769
      Allstate Claim No.: 0140381526

Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081

Dear Sir/Madam:

On or about November 24, 2009, you were notified, as the first mortgagee on the above-referenced property, that the claim filed by Mr. and Mrs. Shumaker has been denied and that under the terms of the policy, we were prepared to fulfill any obligation owed to Litton Loan, as mortgagee, under the terms of the policy. In addition, we submitted a Sworn Statement in Proof of Loss for your use in filing a claim.

The policy provides, in pertinent part:

> **Section I Conditions**
>
> ...
> 18.   **Mortgagee**
>       A covered loss will be payable to the Mortgagee(s) named on the
>       Policy Declarations, to the extent of their interest and in the order
>       of precedence. All provisions of **Section I** of this policy apply to
>       these mortgagees.
>
>       ...
>       The mortgagee will:
>       a)   furnish proof of loss within 60 days after notice of the
>            loss if an **insured person** fails to do so;
>       b)   pay upon demand any premium due if an **insured person**
>            fails to do so;
>       c)   notify **us** in writing of any change of ownership or
>            occupancy or any increase in hazard of which the
>            mortgagee has knowledge;

| d) | give **us** the mortgagee's right of recovery against any party liable for loss; and |
| e) | after a loss, and at **our** option, permit **us** to satisfy the mortgage requirements and receive full transfer of the mortgage. |

This mortgage interest provision shall apply to any trustee or loss payee or other secured party.

Accordingly, as we have received no response nor any requested documentation we are closing our file.

Allstate hereby expressly reserves its rights to assert all other defenses that it may have to your claim even though not enumerated above, as they become known, or as counsel may advise. Further, by this letter, Allstate does not intend to waive any rights under the policy of insurance.

Sincerely yours,

**David Gray**
Allstate Insurance Company

cc:     Scott and Angie Shumaker
        c/o Kevin C. Angel, Esq.
        ANGEL & ASSOCIATES
        166 Fairbanks, Road
        Oak Ridge, TN  37830

Ex. E

**ANGEL AND ASSOCIATES**
Attorneys at Law
166 Fairbank Rd.
Oak Ridge, Tennessee 37830

Kevin C. Angel
Lauren R. Biloski

Phone 865-483-3411
Fax    865-483-3408

February 11, 2010

Nationwide Trustee Services, Inc.
1587 Northeast Expressway
Atlanta, GA 30329

In re:  File No.: 416.1003707TN/PXP
        Lender's Loan No.: 40341216
        Name Per Client: Scott Shumaker and Angie Shumaker
        Property Address: 521 New Clear Branch Rd.
                          Lake City, TN 37769

To Whom It May Concern:

        This is to advise you that the mortgagee in this matter, Litton Loan Services, has failed to properly to provide proof of loss to Allstate Insurance Company in this matter. I am enclosing for your review from Allstate, indicating that they were prepared to pay the Litton Loan under the terms of the policy.
        However, as you can see, Litton Loan Services failed to submit proof of loss in this matter, which has now been closed. It would be our position that Litton Loan Services has a fiduciary duty to attempt to be paid by Allstate before instituting a foreclosure action. Should foreclosure actions go forward, the Shumaker's will look into any available legal remedies that they may have. Should you have any questions please feel free to contact me.
        Thank you in advance for your cooperation.

                                        Sincerely,

                                        Kevin C. Angel

                                        Kevin C. Angel

KCA/dkc

cc:     Litton Loan Servicing
        4828 Loop Central Drive
        Houston, TX 77081
        Scott and Angie Shumaker

SCOTT SHUMAKER and
ANGIE SHUMAKER,
521 New Clear Branch Road
Lake City, Anderson County,
Tennessee 37769

      Plaintiffs,

versus

ALLSTATE INSURANCE COMPANY,
555 Marriott Drive, Suite 850,
Nashville, Rutherford County, TN, 37214,
and 1587 Northeast Expressway
Atlanta, DeKalb County, Georgia 30329,
a valid corporation doing business
in Anderson County, Tennessee,
LITTON LOAN SERVICING,
4828 Loop Central Drive,
Houston, Harris County, Texas 77081,
NATIONWIDE TRUSTEE SERVICES,
1900 Church Street, Suite 400
Nashville, Davidson County, TN 37203,
MORTGAGE SOLUTIONS, Inc.
8880 Cedar Springs Lane, Suite 105
Knoxville, Knox County, TN 39723
BANK USA,
2222 E. Camelback Road
Phoenix, Maricopa County, AZ 85016
FREMONT HOME LOAN TRUST 2006-E
101 North Wacker Drive, Suite 100
Chicago, Cook County, IL 60606
Promise Solutions, on behalf of Nationwide
Trustee Solutions,

      Defendants

No. _____

## COST BOND

    We acknowledge ourselves as surety for all costs, taxes, and damages in this case in accordance with T.C.A. 20-12-120.

Scott & Angie Shumaker
Principal

PO Box 193
Address

LAke City Tn 37769

(865) 250-6763
Telephone

Diversified Tech
Employer

2728 Westcott Blvd.
Address

Knoxville, TN

Surety

166 Fairbanks Road
Address

Oak Ridge, TN 37830

(865) 483-3411
Telephone

Ritter, Angel and Associates
Employer

Same as above
Address

Same as above



7009 2820 0003 2646 2148   3/26/10
ALLSTATE INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710