UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT SHUMAKER and )
ANGIE SHUMAKER, )
    Plaintiffs, )
     )
v. ) No. 3:10-CV-148
     ) Phillips
ALLSTATE INSURANCE COMPANY, et al., )
    Defendants. )

## MEMORANDUM OPINION

Defendants Litton Loan Servicing LP, HSBC Bank USA and Allstate Insurance Company move to dismiss plaintiffs' complaint for failure to prosecute their action and/or for failure to comply with the court's orders. Plaintiffs have not responded to the motions to dismiss, and the time for doing so has passed, *see* LR 7.1. Plaintiffs' failure to respond will be deemed a waiver of any opposition to the defendants' motions to dismiss, *see* LR 7.2. For the reasons which follow, defendants' motions to dismiss are granted and this action is dismissed in its entirety.

### I. Background

On March 17, 2010, plaintiffs instituted this action against defendants in the Chancery Court for Anderson County, Tennessee, seeking enforcement of the contract between plaintiffs and Allstate Insurance Company and for equitable relief following the

destruction of their home by fire on June 11, 2009.  Defendant Allstate removed the action to this court on April 7, 2010.

On April 9, 2010, defendant Allstate filed a motion pursuant to Fed.R.Civ.P. 12 to strike certain claims of plaintiffs' complaint for failure to state a cause of action. Plaintiffs initially failed to respond to Allstate's motion to dismiss, and only responded to the motion after being ordered by the court to do so, or risk having the case dismissed.

On July 19, 2010, defendant Litton served interrogatories, requests for production of documents, and requests for admissions upon counsel for plaintiffs. Plaintiffs failed to respond to those requests. Defendant Litton sent numerous letters to counsel for plaintiff in an attempt to solicit the responses, however, no responses were served. On January 18, 2011, defendants filed a motion to compel, requesting that the court enter an order compelling plaintiffs to respond to defendants' interrogatories and requests for production. Plaintiffs failed to respond to the motion to compel. The court ordered plaintiffs to respond to the discovery requests on or before February 18, 2011. Plaintiffs were advised that failure to comply with the court's order "may be treated as contempt of court, and may result in further just orders designating facts as established, awarding fees and costs, striking pleadings, dismissing the action, or invoking any of the other remedies afforded under Rule 37 of the Federal Rules of Civil Procedure." [Doc. 20].

A scheduling order was entered by the court on March 11, 2011 setting forth certain deadlines and directives concerning discovery. The scheduling order instructed the

parties to hold a discovery planning meeting as required by Fed.R.Civ.P. 26(f), to file a discovery plan in accordance with Rule 26(f), and at the Rule 26(f) meeting or within ten days thereafter to make all disclosures required by Rule 26(a)(1).

On March 17, 2011, defendant Allstate, through counsel, wrote via facsimile to plaintiffs and co-defendants offering several dates for a Rule 26(f) meeting. Co-defendants responded with available dates by correspondence date March 21, 2011. Plaintiffs, however, have not responded to Allstate's letter, nor have plaintiffs or their counsel contacted Allstate with any dates of their own. Counsel for defendants state that they have received no communication from plaintiffs' counsel since the court's February 7, 2011 order.

## II. Analysis

Defendants move for an order imposing discovery sanctions upon plaintiffs pursuant to Fed.R.Civ.P. 37(b) and 41(b). Specifically, defendants request that this case be dismissed due to plaintiffs' failure to cooperate in discovery. Defendants aver that plaintiffs have failed to timely respond to the discovery requests in accordance with the Federal Rules of Civil Procedure and this court's order compelling production, and plaintiffs have failed to conduct the Rule 26(f) meeting and to make initial disclosures as required by the scheduling order.

Pursuant to Rule 37(b)(2)(A)(v), Federal Rules of Civil Procedure, the court can dismiss an action in its entirety as a discovery sanction. Also, Rule 41(b) confers on

3

district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* Nevertheless, "the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Four factors are considered by the court in reviewing a motion to dismiss for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll*, 176 F.3d at 363. The foregoing factors "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp. Inc.,* 110 F.3d 364, 367 (6th Cir. 1997). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Here, plaintiffs' failure to produce the requested information and failure to conduct the Rule 26(f) meeting constitute bad faith and evince a lack of intent to prosecute this action. Plaintiffs' failure to cooperate in discovery has prejudiced defendants in their

4

effort to prepare this case for trial, as without discovery, defendants are unable to prepare their defenses to plaintiffs' claims. The court's February 7, 2011 order granting defendants' motion to compel, placed plaintiffs on notice that additional and more severe sanctions could be imposed if they failed to comply with the terms of the order. The court made it very clear that failing to comply could result in additional sanctions, including dismissal of this action. Defendants have been further prejudiced by the waste of time, money, and effort in their pursuit of cooperation which the plaintiffs were legally obligated to provide. It appears to the court that plaintiffs have abandoned the prosecution of this action, as evidenced by their disregard for this court's orders. Accordingly, the court finds defendants' motions to dismiss [Docs. 26, 29] well taken, and the motions are hereby **GRANTED**, and plaintiff's complaint is **DISMISSED, with prejudice,** pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v) and 41(b).

Defendants have informed the court that they do not intend to pursue the counterclaim filed against plaintiffs. Accordingly, defendants' counterclaim is **DISMISSED.** There being no remaining claims before the court, this action is hereby **DISMISSED IN ITS ENTIRETY.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge